## LANE, ADM'R, v. THE CENTRAL IOWA R'Y CO.

1. **Practice**: TAKING CASE FROM JURY. The trial court is warranted in taking a case from the jury only when there is an entire absence of evidence tending to prove some of the facts essential to plaintiff's recovery, or when, without conflict, the evidence establishes some matter which defeats his right of recovery.

2. **Railroads**: INJURY TO CONDUCTOR THROUGH HIS OWN NEGLIGENCE. Where the conductor in charge of a railroad train knew every circumstance which tended to render the operation of his train hazardous, and if, in his judgment, it was not being operated in the safest possible manner, he had full authority to direct that such changes be made in the manner of its operation as would render it safe, *held* that, if by its negligent operation he was killed, his administrator could not recover against the railroad company. (Compare *Dewey v. Chicago & N. W. R'y Co.*, 31 Iowa, 373.

*Appeal from Monroe District Court.*

FRIDAY, OCTOBER 8.

PLAINTIFF's intestate, while an employe of the defendant, engaged in the operation of one of its trains, received injuries which caused his death. This action was brought for the recovery of the damages sustained by his estate in consequence of his death. The verdict and judgment were for defendant, and plaintiff appeals.

*George D. Porter* and *Henry L. Dashiell*, for appellant.

*Blair & Daily*, for appellee.

REED, J.—The train on which plaintiff's intestate was employed was a construction train, which was used in hauling and distributing sand for ballasting the track. It consisted of sixteen flat cars and a box car, which was used for transporting the tools of the men who were engaged in hauling the sand, and, at the time of the accident, it was returning to the sand-pit, after having distributed a load of sand along the track. The box car was at the front, and the engine and tender at the rear end of the train. While it was being run in this manner, being pushed ahead of the engine, a cow came upon the track in front of the train, and before it could be stopped the box car struck the animal and was thrown from the track. One of the trucks under the front flat car was also derailed. When the presence of the cow on the track was discovered, the deceased was on top of the box car. He attempted to escape from the train by descending one of the ladders and jumping to the ground, but was caught in the wreck and instantly killed. On the trial, when the parties had introduced all their evidence, the district court, on defendant's motion, directed the jury to return a verdict for it, and judgment was entered on the verdict rerurned in obedience to this direction. The question in the case is as to the correctness of this ruling.

The rule is that the trial court is warranted in taking the case from the jury only when there is an entire absence of

1. PRACTICE: taking case from jury. evidence tending to prove some of the facts essential to plaintiff's right of recovery, or when, without conflict, the evidence establishes some matter which defeats his right of recovery. The action of the district court is to be tested by this rule. The allegation of negligence in the petition is that the engineer, who was in charge of the engine by which the train was being moved, recklessly and negligently ran it backwards over a road that was new and unballasted, and was also unfenced and unprotected from stock; and, while it was being so run, it struck said cow, and the caboose was thrown from the track, inflicting the injury

complained of. There was a conflict in the evidence as to the rate of speed at which the train was being moved; some of the witnesses putting it as high as thirty miles an hour, while others testify that it did not exceed fifteen or sixteen miles an hour. The track was not fenced at the place where the cow came upon it, and some trouble had been previously caused by cattle coming on the track at that place. There was also some conflict in the evidence as to the condition of the track; and there was evidence tending to prove that the engine might have been transferred from the rear to the front end of the train at a switch between the point where the sand was unloaded and the place where the accident occurred, and that if this had been done, and the train had been operated in that way, the dangers of collision with stock upon the track would have been much less than when operated in the manner in which it was being run at the time of the accident.

If plaintiff's right of recovery depended solely on whether there was negligence in the operation of the train, it would be clear, we think, that he was entitled to have 2. RAILROADS: the question passed upon by the jury. Defend-injury to con-ductor ant alleged in its answer, however, that the de-through his own negli-ceased was the conductor of the train, and had gence. the right to control the manner of its operation, and that, if there was negligence in its operation, he was responsible therefor.

The evidence given on the trial, without conflict, showed the following facts: The deceased was employed as a brakeman on the train, and had been so employed for some months before the accident. Two days before the accident the conductor of the train received an injury, and, at his request, was temporarily relieved from duty, and the deceased was placed in charge of it. He acted as conductor on the day before the accident, and was so acting at the time it occurred. The regular conductor, it is true, was on the train at the time, having got upon it at a station a few miles from the scene of

the accident, but he had not assumed control of the train, nor did he intend to do so on that day. The conductor is the superior agent on the train, the other employes being subject to his direction and control. The engineer is bound to obey his directions as to the speed at which the train shall be run, unless he has express directions on the subject from the train dispatcher, who is the superior of the conductor. On the occasion in question the engineer had not been directed, as to the speed at which he should run, either by the train dispatcher or conductor.

The ruling of the district court that plaintiff was not entitled to recover was based on this state of facts, and, in our opinion, it is correct. Every circumstance which tended to render the operation of the train hazardous was known to the deceased. If the transfer of the engine from the rear to the front end of the train was practicable, and would have lessened the danger attending its operation, he knew those facts, and had the authority to direct that the change be made. If the rate of speed at which the train was being run was hazardous, considering the liability to collision with cattle and the condition of the track, he knew that fact also, and had the authority to direct that it be run at a lower rate of speed. His position made him the judge of whether the train was being operated in the safest manner practicable; and if, in his judgment, it was not being so operated, he was empowered to direct that such changes be made in the manner of its operation as would render it safe. By permitting it to be operated in the manner in which it was being operated at the time of the accident, he, in effect, determined that that was the proper mode of operating it; and he was in precisely the same position he would have occupied had he expressly directed that it be operated in that particular manner. The case is clearly within the principle laid down in *Dewey v. Chicago & N. W. R'y Co.*, 31 Iowa., 373.

AFFIRMED.